AIN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

TINA L. WORDEN,                      :

                            Plaintiff,

    -vs-

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,
                          Defendant.       :

Case No. 3:08-cv-166

District Judge Thomas M. Rose
Magistrate Judge Michael R. Merz

## REPORT AND RECOMMENDATIONS

Plaintiff brought this action pursuant to 42 U.S.C. §405(g), as incorporated into 42 U.S.C. §1383(c)(3), for judicial review of the final decision of Defendant Commissioner of Social Security (the "Commissioner") denying Plaintiff's application for Social Security benefits. The case is now before the Court for decision after briefing by the parties directed to the record as a whole.

Judicial review of the Commissioner's decision is limited in scope by the statute which permits judicial review, 42 U.S.C. §405(g). The Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *citing, Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law), against the Commissioner if this case were being tried to a jury.

*Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling & Stamping Co.*, 306 U.S. 292, 300 (1939).

In deciding whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. *Hepner v. Mathews*, 574 F.2d 359 (6th Cir. 1978); *Houston v. Secretary of Health and Human Services*, 736 F.2d 365 (6th Cir. 1984); *Garner v. Heckler*, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *Garner, supra.* If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the Court as a trier of fact would have arrived at a different conclusion. *Elkins v. Secretary of Health and Human Services*, 658 F.2d 437, 439 (6th Cir. 1981).

To qualify for supplemental security income SSI benefits (SSI), a claimant must file an application and be an "eligible individual" as defined in the Social Security Act. 42 U.S.C. §1381a. With respect to the present case, eligibility is dependent upon disability, income, and other financial resources. 42 U.S.C. §1382(a). To establish disability, a claimant must show that the claimant is suffering from a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §1382c(a)(A). A claimant must also show that the impairment precludes performance of the claimant's former job or any other substantial gainful work which exists in the national economy in significant numbers. 42 U.S.C. §1382c(a)(3)(B). Regardless of the actual or alleged onset of disability, an SSI claimant is not entitled to SSI benefits prior to the date that the claimant files an SSI application. *See,* 20 C.F.R. §416.335.

The Commissioner has established a sequential evaluation process for disability

determinations. 20 C.F.R. §404.1520 . First, if the claimant is currently engaged in substantial gainful activity, the claimant is found not disabled. Second, if the claimant is not presently engaged in substantial gainful activity, the Commissioner determines if the claimant has a severe impairment or impairments; if not, the claimant is found not disabled. Third, if the claimant has a severe impairment, it is compared with the Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1 . If the impairment is listed or is medically equivalent to a listed impairment, the claimant is found disabled and benefits are awarded. 20 C.F.R. §404.1520(d). Fourth, if the claimant's impairments do not meet or equal a listed impairment, the Commissioner determines if the impairments prevent the claimant from returning to his regular previous employment; if not, the claimant is found not disabled. Fifth, if the claimant is unable to return to his regular previous employment, he has established a *prima facie* case of disability and the burden of proof shifts to the Commissioner to show that there is work which exists in significant numbers in the national economy which the claimant can perform. *Bowen v. Yuckert,* 482 U.S. 137, 145, n.5 (1987).

Plaintiff filed an application for SSI on April 13, 2004, alleging disability from April 2, 2004, due to agoraphobia and anxiety. (Tr. 49-51; 60-65). Plaintiff's application was denied initially and on reconsideration. (Tr. 31-34, 36-38). A hearing was held before Administrative Law Judge Thomas McNichols, (Tr. 304-34), who determined that Plaintiff is not disabled. (Tr. 12-26). The Appeals Council denied Plaintiff's request for review, (Tr. 4-6), and Judge McNichols decision became the Commissioner's final decision.

In determining that Plaintiff is not disabled, Judge McNichols found that Plaintiff has severe bilateral carpal tunnel syndrome and depression/anxiety, but that she does not have an impairment or combination of impairments that meets or equals the Listings. (Tr. 19-20, ¶¶ 2-3).

3

Judge McNichols also found that Plaintiff has the residual functional capacity to perform a limited range of light work. (Tr. 20, ¶ 4). Judge McNichols then used section 202.17 of the Grid as a framework for deciding, coupled with a vocational expert's (VE) testimony and concluded that there is a significant number of jobs in the economy that Plaintiff is capable of performing. (Tr. 25, ¶ 9). Judge McNichols concluded that Plaintiff is not disabled and therefore not entitled to benefits under the Act. (Tr. 25).

Plaintiff sought mental health treatment at TCN Behavioral Health Services on April 20, 2004. (Tr. 127-70). Plaintiff was evaluated by a psychiatric nurse practitioner who identified Plaintiff's diagnoses as panic disorder with agoraphobia and major depression, recurrent, and assigned Plaintiff a GAF of 45. *Id.*

A counselor at TCN reported on August 23, 2004, that Plaintiff had fears of being alone, that she could not tolerate being away from the security of her home, that Plaintiff occasionally missed an appointment because she did not have anyone to transport her, and that she was compliant with her medications. *Id.*

On November 11, 2004, Plaintiff's counselor reported that Plaintiff experienced panic attacks, could not leave home alone, that she was reliable in keeping her biweekly therapy appointments, and that she was compliant with her therapy and medications. (Tr. 171-72).

On October 4, 2005, Cynthia vanAusdal, a psychiatric nurse practitioner, reported that Plaintiff's diagnoses were panic disorder with agoraphobia and recurrent major depression, that she was unable to perform many work-related mental activities, that she experienced numerous anxiety/panic episodes throughout the day, that she was markedly limited in her restrictions of daily living and maintaining social functioning, and that she had marked deficiencies in concentration,

4

persistence, or pace. (Tr. 218-30). Ms. vanAusdal also reported that Plaintiff had good to fair to no ability to make occupational adjustments, fair to poor ability to make performance adjustments, and good to fair ability to make personal-social adjustments.[1] *Id.*

In her Statement of Errors, Plaintiff alleges that the Commissioner erred by failing to find that she satisfies Listing 12.06 and by failing to properly evaluate Ms. vanAusdal's opinion, (Doc. 7).

First, Plaintiff essentially argues that the Commissioner erred relying on the reviewing mental health experts' opinions that her impairment was not expected to last twelve months. *See,* Tr. 157-69. In opposition, the Commissioner argues that there is evidence in the record that prior to September-October, 2005, Plaintiff rarely left her home. (Doc. 9 at 13). However, the Commissioner's position is that subsequently, there is substantial evidence in the record to support Judge McNichols' decision that Plaintiff is not disabled. The Commissioner does not seem to dispute Plaintiff's position that between her alleged onset date of April 2, 2004, and October, 2005, she was disabled. That time period of 18 months, of course, satisfies the durational requirement of the Act.

The question becomes, then, whether there is substantial evidence in the record to support a finding that Plaintiff was no longer disabled as of October, 2005.

A review of Plaintiff's treatment notes from TCN reveal that in July, 2005, Plaintiff began to drive again. (Tr. 238). A September 8, 2005, note indicates that Plaintiff had read her husband's death certificate and began to wonder if he died from a cerebral hemorrhage as the result of blood thinners he was taking. (Tr. 235). Plaintiff had contacted a lawyer to investigate that death.

---

[1] The Court notes that someone whose signature is illegible but whois apparently a physician also signed the report which Ms. vanAusdal prepared.

*Id.* In November, 2005, Plaintiff reported that she was selling possessions to "pay for things", (Tr. 299), and in March, 2006, Plaintiff sold her truck and purchased an SUV. (Tr. 293).

The record reflects that Plaintiff moved several times during the period March to June, 2006. Specifically, a March, 2006, counseling note revealed that Plaintiff reported that she was living in her deceased husband's house, a May, 2006, note indicated that Plaintiff and her daughter were getting an apartment, and a June, 2006, note shows that Plaintiff reported she was living with her son. (Tr. 290; 286; 280). Treatment notes from June, 2006, also indicate that Plaintiff was involved with the probate of her deceased husband's estate, that she had started dating her deceased husband's best friend, and that she did not get out much because she "[didn't] have the financial resources" to do so. (Tr. 283; 284; 281).

This Court concludes that Plaintiff's treatment notes from TCN reflect that Plaintiff's impairment improved beginning in at least October, 2005. In addition, those notes do not support Ms. vanAusdal's opinion as to Plaintiff's abilities to perform work-related activities.[2] Accordingly, the Commissioner had an adequate basis for rejecting Ms. vanAusdal's opinion. *See, Kirk v. Secretary of Health and Human Services,* 667 F.2d 524 (6th Cir. 1981), *cert. denied,* 461 U.S. 957 (1983); *see also, Bogle v. Sullivan,* 998 F.2d 342 (6th Cir. 1993).

Accordingly, with the period beginning October, 2005, the Commissioner's decision that Plaintiff was not disabled is supported by substantial evidence on the record as a whole and should be confirmed. However, the Commissioner's decision that Plaintiff was not disabled for the period April 2, 2004, to October, 2005, is not supported by substantial evidence on the record as a

---

[2] In addition, this Court notes that under the regulations, a nurse practitioner is a another [non-medical] source and the Commissioner has discretion to determine the proper weight to accord opinions from "other sources" such as nurse practitioners. *See Cruse v. Commissioner of Social Security*, 502 F.3d at 541 (citation omitted); *see also,* 20 C.F.R. § 404.1513. (1997).

whole.

If the Commissioner's decision is not supported by substantial evidence, the Court must decide whether to remand the matter for rehearing or to reverse and order benefits granted. The Court has the authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. §405(g). If a court determines that substantial evidence does not support the Commissioner's decision, the court can reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits. *Faucher v. Secretary of Health and Human Services,* 17 F.3d 171, 176 (6th Cir. 1994) (citations omitted); *see also, Newkirk v. Shalala,* 25 F.3d 316 (6th Cir. 1994).

This Court concludes that with respect to the period April 2, 2004, through October, 2005, all of the factual issues have been resolved and the evidence adequately supports Plaintiff's entitlement to benefits. Specifically, as noted above, the Commissioner has essentially agreed that the record evidence supports a finding of disability during that period. Therefore, consistent with the Act, this matter should be remanded for the payment of benefits for the closed period April 2, 2004 to October, 2005.

It is therefore recommended that the Commissioner's decision that Plaintiff is not disabled be affirmed with respect to the period after October, 2005. It is also recommended that the Commissioner's decision that Plaintiff was not disabled during the period April, 2004, to October, 2005, be reversed and the matter remanded for the payment of benefits for that closed period.
March 6, 2009.

                     s/ Michael R. Merz
                     United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).